UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ROBERT A SCHMIDT,                                                 :
                                                                  : **MEMORANDUM AND ORDER**
                    Petitioner,                                   :
                                                                  : 12-CV-4419 (WFK)
          -against-                                               :
                                                                  :
EILEEN KELLY,                                                     :
                                                                  :
                    Respondent.                                   :
                                                                  :
------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Petitioner Robert A. Schmidt ("Petitioner"). Petitioner was convicted on the charges of Conspiracy to Deal in Explosive Materials Without a License and Aiding and Abetting, in violation of 18 U.S.C. §§ 2, 842(a), 844. After having completed a three-month term of imprisonment on May 7, 2012, Petitioner was scheduled to serve a twenty-four-month term of supervised release in Staten Island, New York under the supervision of the Probation Department. Dkt. 11, at 5. Petitioner brought this action for relief from the twenty-four-month term of supervised release in the Eastern District of New York on August 23, 2012. Dkt. 1. Petitioner was scheduled to complete the term of supervised release on May 6, 2014. Dkt. 11, at 5. Petitioner completed the term of supervised release on May 6, 2014, as scheduled. Letter from Probation Officer Gregory Carter dated January 16, 2015, attached herein as Appendix I. For the reasons set forth below, the court dismisses Petitioner's claim as moot.

**DISCUSSION**

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subject to his conviction." *Carmona v. U. S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal citations omitted). Parties must satisfy the case-or-controversy requirement of Article III of the United States Constitution to have standing to sue in federal court. *See* U.S. Const. Art III, § 2. "A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-

1

controversy requirement" of the Constitution. *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Habeas petitioners who are no longer in custody "must demonstrate a concrete and continuing injury that is a collateral consequence" of the detention challenged. *Sanders v. United States*, No. 10-CV-1285, 2010 WL 1438808, at *1 (E.D.N.Y. Apr. 8, 2010) (Cogan, J.) (citing *Spencer*, 523 U.S. at 7, 13-14); *see also Gutierrez v. Laird*, No. 05-CV-5135, 2008 WL 3413897, at *1 (E.D.N.Y. Aug. 8, 2008) (Irizarry, J.) (citing *Spencer*, 523 U.S. at 7). There is a presumption of collateral consequences for challenges to criminal convictions, but no such presumption exists for challenges to other aspects of criminal proceedings. *See, e.g.*, *Sanders*, 2010 WL 1438808, at *1 (holding petitioner has no standing to sue for habeas relief when he has obtained the relief requested through other avenues); *Gutierrez*, 2008 WL 3413897, at *1 (holding that petitioner who was no longer in federal custody is not privy to a presumption of collateral consequences from his detention).

Petitioner filed the petition seeking a writ of habeas corpus under § 2241 in order to obtain relief from the term of supervised release. At this time, Petitioner is no longer subject to supervised release and has not been for over six months. There is no presumption of collateral consequences from his sentence. Thus, the petition no longer satisfies the case-or-controversy requirement of Article III. The petition is therefore dismissed as moot.

**CONCLUSION**

For the reasons set forth above, petitioner's petition seeking a writ of habeas corpus is denied as moot.

SO ORDERED

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

2

Dated: January 28, 2015
Brooklyn, New York

# Appendix I

MEMORANDUM
TO THE HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

> RE: SCHMIDT, Robert A.
> DOCKET NO.: 10 CR 00318-001 (DC)
> DOCKET NO.: 13 CR 0585 (EDNY)
> <u>**COMPLETION OF SUPERVISED**</u>
> <u>**RELEASE VERIFICATION**</u>

As requested, the following information is hereby provided to the Court. On February 28, 2012, the above-referenced individual was sentenced by the Honorable Ricardo M. Urbina of the District of Columbia to three (3) months imprisonment and two (2) years supervised release, following his conviction on the charges of Conspiracy to Deal in Explosive Materials and Aiding and Abetting, in violation of 18 U.S.C. §§842(a), 844 and 2. On May 4, 2014, jurisdiction was transferred to the Eastern District of New York and accepted by the Honorable Sterling Johnson, Jr., Senior U.S. District Court Judge.

On May 7, 2012, Mr. Schmidt was released from the custody of the Federal Bureau of Prisons and commenced his term of supervised release in the Eastern District of New York. On May 6, 2014, Mr. Schmidt completed his term of supervised release and was discharged from supervision on that date. If you should need any additional information, please contact the undersigned officer at 347-534-3667.

> Respectfully Submitted:
>
> Eileen Kelly
> Chief U.S. Probation Officer

Prepared by: _Gregory Carter_ (signature)
Gregory Carter
Senior U.S. Probation Officer

Approved by: _(signature)_
Nella Yelenovic
Supervising U.S. Probation Officer

January 16, 2015